The following petition for a re-hearing was presented by General Hardin:
As this cause has been decided on a point not stirred in argument, and not noticed by the counsel of either party, the defendants respectfully ask leave of the court to present their view of the case.
Strip this cause of incumbering facts, not material to this point, and it is a bill filed by a purchaser who has paid part, and has a judgment against him for the balance, to enjoin that judgment and recover back his deposite, because the purchaser has made no title, and cannot make title to “ the land sold.”
The answer admits a sale of what? Of the land. Of what land, is it asked? Of the land in question, is the answer which the context gives. The answer then attempts to make out title, and relies on the title asserted, if title is not made out, his contract creates no liability.
Can there, in such a case, be a reasonable doubt of what the import of the answer is; and is it not in the common mode of reference to a given subject? It is, therefore, respectfully contended, that this answer does admit the sale of the land described in the bill, and that the agreement relates to facts or matters not answered to, and not to matters to which the answer did respond.
*358 But another view of this subject, it is hoped, is unanswerable. The answer admits a sale to us of land; the contract is a sale of land; an obligation to convey, &c. is admitted, (in this view of the subject, I will only say of the thing sold.) We, by the bill, deny his ability to convey (what was sold,) or, if you please, to convey to us any land; and out of abundant caution, we set forth why he cannot convey. Now, it is admitted we prove that he never can convey the land we allege he sold, and as to which we show a valid title in another. Now, does this allegation and proof of ours (if it were conceded even that it related to other land) destroy our allegation that he cannot convey?
Strike all our allegation of title in another, and proof to support it, out of the cause, and we, as purchasers, demand of the seller to show title and convey. He has not done either; he can do neither; and it follows, that the complainants should have relief.
The court are, therefore, respectfully asked to grant a re-argument of the cause.
HARDIN, for defendants in error.
A re-hearing was granted; but afterwards, on the 20th of December 1822, the foregoing opinion was directed to remain unaltered.